WILLIAM E. D'ANJOU, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
D'Anjou v. Commissioner
Docket No. 34585-85
United States Tax Court
T.C. Memo 1992-138; 1992 Tax Ct. Memo LEXIS 201; 63 T.C.M. (CCH) 2315; T.C.M. (RIA) 92138; March 9, 1992, Filed *201 Decision will be entered under Rule 155. William E. D'Anjou, pro se. Michael S. Noble and Carol Mason, for respondent. GOFFE
GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Taxable
Additions to Tax under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1981
$ 2,627
$ 656.75
$ 131.35
[1]
$ 201.46
1982
1,850
462.50
92.50
[1]
180.08
After concessions, the issues for decision are: (1) Whether William E. D'Anjou (petitioner) is entitled to filing status as "married filing joint return" on his 1981 income tax return and "head of household" on his 1982 income tax return. We hold that he is not. (2) Whether petitioner has adequately substantiated the loss items claimed on his 1981 and 1982 income tax returns. We hold that he did not. (3) *202 Whether petitioner is liable for the additions to tax for negligence, failure to file income tax returns on time, and for underpayment of estimated taxes. We hold that he is.
Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years 1981 and 1982, and Rule numbers refer to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Gardena, California, at the time of filing his petition. Petitioner was divorced in 1980 and not married in 1981. Petitioner's son, William D'Anjou, Junior, was a student in 1982. Petitioner did not provide over one-half of the cost of maintaining the principal place of abode for his son. Petitioner was employed by Robinson's Family Market and earned wages of $ 14,560 and $ 12,628 in 1981 and 1982, respectively. He also earned gross receipts from an accounting service of $ 7,749 and $ 10,252 in 1981 and 1982, respectively. [1]
*203 Petitioner filed both his 1981 and 1982 income tax returns late because he did not think he owed taxes for these years. He lost his tax records because he moved several times after the tax years in issue. OPINION Petitioner claimed "married filing joint return" on his 1981 income tax return. He admitted at trial that he was divorced in 1980 and was not remarried before the end of 1981. Therefore, petitioner is not entitled to claim married status on his 1981 income tax return. Sec. 143. Accordingly, respondent's determination with regard to this issue is sustained. Petitioner also claimed the filing status of "head of household" on his 1982 income tax return and argued that this was based on claiming his son as a dependent and because he had agreed to support his "wife" (from which he was apparently divorced) who petitioner testified was "sick". When the Court asked petitioner whether he had any documents to support his statements, he responded "No, I don't". All taxpayers are required to maintain sufficient records to determine their correct tax liability. Sec. 6001; . Petitioner admits that he *204 does not have records to support either his filing status or his deductions. Deductions are a matter of legislative grace. . Petitioner bears the burden of proving his entitlement to the deductions which he claimed. Rule 142(a); . Petitioner argues that he lost his records because he changed residences several times. However, petitioner has not attempted to reconstruct his records. Accordingly, we sustain respondent's determination because of petitioner's failure to substantiate his claim to head of household status. Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless such failure is due to reasonable cause and not due to willful neglect. A return made on the basis of a calendar year must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072. Petitioner admits that he did not timely file his 1981 and 1982 income tax returns and has not offered the Court a *205 reasonable explanation why he did not. Accordingly, respondent's additions under section 6651(a)(1) are sustained. Respondent also determined petitioner is liable for additions to tax pursuant to section 6653(a)(1) and (2). Negligence is defined as lack of ordinary care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. , affg. ; . Taxpayers have a statutory duty to timely file income tax returns. Ordinarily, a reasonable and prudent person would comply with the prescribed deadline, and the breach of this duty is evidence of negligence. , affd. . The additions to tax under sections 6651(a)(1) and 6653(a) may be imposed where an income tax return is filed late. , affd. . We have found that petitioner did not file *206 his 1981 and 1982 income tax returns on time, and the record does not contain any evidence of the reasons for his failure to do so. According, we sustain respondent's additions and hold that petitioner is liable for additions to tax for negligence as provided by section 6653(a)(1) and (2). Respondent also determined that petitioner is liable for additions to tax pursuant to section 6654(a) for failure to pay estimated income tax. Where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition as to the years at issue is mandatory, unless petitioner shows that one of several statutory exemptions applies. Sec. 6654(a); . Here, petitioner has made no such showing, and, therefore, is liable for the addition to tax. To reflect respondent's concessions, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
1. The gross income and corresponding expenses from the accounting service, as reported on petitioner's Schedule C and attached to his income tax returns, were conceded in full by respondent.↩